**James L. MASTRONARDI and Kelly Mastronardi, Plaintiffs–Appellants,**

v.

**Joseph LOSZYNSKI, In his Individual Capacity, Arthur Daniels, In his Individual Capacity, Daniel J. Bradshaw, In his Individual Capacity, Michael Lohan, In his Individual Capacity, Richard Conklin, In his Individual Capacity, Samuel Mercado, In his Indi-**

of New York, sitting by designation.

vidual Capacity, James W. McMahon, In his Individual Capacity, Leslie Hyman, In his Individual Capacity, Thomas Kelly, In his Individual Capacity, Defendants–Appellees.

Docket No. 00–9440.

United States Court of Appeals, Second Circuit.

Feb. 27, 2002.

Carman M. Garufi, Binghamton, NY, for Appellant.

Julie S. Mereson, Assistant Solicitor General of the State of New York, Albany, NY, for Appellees.

Present CARDAMONE, WINTER, and SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant James Mastronardi, along with his wife, Kelly, filed a six-count complaint against several New York State Police Department investigators, a deputy chief inspector, a superintendent, and a captain. Plaintiff was the subject of an undercover surveillance operation conducted by defendants. As a result of that operation, disciplinary charges were filed against plaintiff, and he was fired following an administrative hearing at which the defendants allegedly produced falsified evidence.

On March 5, 1999 defendants filed a motion to dismiss the first and second causes of action, both of which alleged that defendants conspired to violate plaintiff's Fourteenth Amendment right to procedural due process. In short, these claims asserted that defendants deprived plaintiff of property (in the form of his employ-ment) and liberty (in the form of his reputation) without due process of law.

The district court granted the motion to dismiss the due process causes of action on April 21, 1999 on the grounds that state postdeprivation procedures provided all the process that was due. After summary judgment was entered in favor of defendants on October 4, 2000 plaintiff filed the present appeal to challenge the district court's dismissal of his first and second causes of action.

We review de novo a district court's dismissal of a claim for failure to state a cause of action, and affirm the dismissal if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.' " Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir.2000).

In Parratt v. Taylor, 451 U.S. 527, 541–544, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Supreme Court held that an individual may not bring an action under 42 U.S.C. § 1983 alleging a violation of procedural due process if his rights were infringed as a result of a "random and unauthorized act" by a state employee and a meaningful post-deprivation state remedy is available. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), expanded the Parratt doctrine to cases of intentional deprivation of property by state employees. The Supreme Court then further expanded the doctrine in Zinermon v. Burch, 494 U.S. 113, 132, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), to cases of alleged deprivation of liberty, ruling that "the reasoning of Parratt and Hudson emphasizes the State's inability to provide predeprivation process because of the random and unpredictable nature of the deprivation,

not the fact that only property losses were at stake."

As in *Locurto v. Safir*, 264 F.3d 154, 172–73 (2d Cir.2001), we conclude that regardless of whether defendants' allegedly unlawful acts were "random and unauthorized," plaintiff received all the predeprivation process he was due. Provided adequate postdeprivation process is available, a tenured public employee only needs to be given notice and a hearing prior to termination. We explained in *Locurto* that "a pre-termination hearing does not purport to resolve the propriety of the discharge, but serves mainly as a check against a mistake being made by ensuring there are reasonable grounds to find the charges against an employee are true and would support his termination." *Id.* at 173–74. The final consideration is the availability of an adequate postdeprivation remedy. *Id.* at 174. Plaintiff does not contest the district court's finding that an Article 78 proceeding provided an adequate postdeprivation remedy. Therefore, dismissal of plaintiff's due process claims was appropriate.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.